UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES JAMES BURNS,

    Plaintiff,

v.

CITY OF SPARKS; et al.,

    Defendants.

3:08-cv-00038-LRH-RAM

ORDER

    Before the court is a letter from plaintiff Charles James Burns' ("Burns"), which is identified as Motion to Speak to the Court (#38[1]). This case arises from an encounter in which Burns was tased and arrested by officers of the Sparks Police Department. Burns filed a *pro se* § 1983 civil rights complaint against defendants alleging that they violated his constitutional rights when effecting his arrest.

    Defendants moved for summary judgment (#21). Burns did not file an opposition to the motion or provide any evidence in support of his claims. Subsequently, the court granted the motion and dismissed Burns' complaint (#35). The court, while sympathetic to Burns' trauma and arrest, noted that "the Federal Rules of Civil Procedure require him to produce at least some evidence creating an issue for trial." *Id*. The defendants presented a fully briefed motion for

---

[1] Refers to the court's docket entry number.

summary judgment that was supported by unrefuted evidentiary content.  The defendants were entitled to summary judgment and Burns failed to oppose their motion in any way.   Consequently, his complaint was dismissed and judgment was entered on behalf of defendants (#36).

Burns now seeks to meet with the court and argues that he can provide evidence to the court in support of his claims (#38).   No evidence is identified by Burns and no evidence is presented to the court.  The time has long passed for Burns to refute defendants' motion or to now present evidence in opposition to it.  Furthermore, it appears that Burns has allowed too much time to pass in order to appeal the court's decision granting summary judgment.

Mindful of Burns's pro se status, the court will treat Burns's motion to speak to the court (#38) as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60.  Relief from judgment is appropriate upon a showing of mistake, fraud, excusable neglect, or newly discovered evidence.  Fed. R. Civ. P. 60(b); *see also, Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000).  By treating Burns's motion as a 60(b) motion, it is possible that his time to appeal from the court's order granting summary judgment will be tolled and he will not be time-barred from appealing the judgment to the Ninth Circuit, if that is his desire.

IT IS THEREFORE ORDERED that plaintiff's motion to speak (#38) will be deemed to be a motion for relief from judgment pursuant to  Fed. R. Civ. P. 60 and such motion is denied.

IT IS SO ORDERED.

DATED this 16th day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2